IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leondard D. B.,[1]<br><br>    Plaintiff,<br><br>v.<br><br>Martin O'Malley, Commissioner of<br>Social Security Administration,<br><br>    Defendant.<br>_____ | Civil Action No.: 4:23-2901-BHH<br><br><br>**ORDER** |

  This is an action brought pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff ("Plaintiff") claim for disability insurance benefits ("DIB"). The record includes the report and recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C.

  In his Report, the Magistrate Judge recommends that the Court reverse and remand the Commissioner's final decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. The Commissioner filed objections to the Report, and the matter is ripe for review. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy).

  For the reasons stated below, the Court overrules the Commissioner's objections, adopts the Magistrate Judge's Report, and reverses and remands the Commissioner's final

---

  [1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in Social Security cases, federal courts should refer to claimants only by their first names and last initials.

decision for further administrative review.

## BACKGROUND

Plaintiff filed an application for DIB on July 27, 2020, alleging disability beginning on December 17, 2017; however, the relevant period for this Court's review begins in January of 2020 because Plaintiff was granted benefits in a prior action on a different application and did not appeal the December 2019 cessation of benefits.

Plaintiff's claim related to the instant action was denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held in July of 2022. On October 26, 2022, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Act. The Appeals Council denied Plaintiff's request for review in April 2023, thereby making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Plaintiff filed this action seeking judicial review in June 2023.

## STANDARDS OF REVIEW

### I.     The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## II.	Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

## I.	The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) . If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. Then, if the claimant successfully reaches step five, the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

Here, at step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 22, 2017. Next, the ALJ determined that Plaintiff has the following severe impairments: status post liver transplant. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. With regard to Plaintiff's residual functional capacity ("RFC"), the ALJ found that Plaintiff

has the capacity to perform medium work as defined in 20 C.F.R. § 404.1567(c), except: Plaintiff can perform postural activities frequently but never climb ladders, ropes, or scaffolds; Plaintiff should avoid heights and hazards; and Plaintiff requires ready access to a restroom within approximately 50 yards from the work station. Based on this RFC, the ALJ determined at step four that Plaintiff is capable to perform past relevant work as an IT supervisor. Accordingly, the ALJ found that Plaintiff was not under a disability as defined by the Act from December 22, 2017, through the date of the decision.

## II.    The Court's Review

In this action, Plaintiff alleges that the ALJ: failed to account for time off task caused by GI issues and the RFC's requirement of proximity to a bathroom; did not perform a function-by-function analysis; failed to explain how Plaintiff could physically perform the RFC of medium work; did not properly evaluate Plaintiff's non-severe mental impairments; erred in performing the subjective symptom evaluation; and did not properly weigh the opinions of Drs. Rodgers and Jenkins under 20 C.F.R. § 404.1520c.

In his Report, the Magistrate Judge first noted that the ALJ "credited Plaintiff's need for ready access to the restroom by putting it in the RFC," but the Magistrate Judge also found that the ALJ "did not explain the effect on function within a job and the sustainability of a forty-hour week when Plaintiff regularly used his 'ready access' to a restroom." (ECF No. 30 at 9.) The Magistrate Judge explained: "The ALJ acknowledged by the RFC determination itself that Plaintiff has record-supported, restroom-access needs, related to at least urgency linked to proximity. In the particular facts of the instant case, the ALJ provided no explanation as to the effect on the RFC related to the frequency of actually using that 'ready access.'" (*Id*. at 10 (explaining that the Fourth Circuit has addressed how

5

time spent in the bathroom may affect the RFC consideration of time off-task and citing *Dowling v. Comm'r*, 986 F.3d 377, 389 (4th Cir. 2021)). Because the ALJ did not explain how the frequency with which Plaintiff needed "ready access" to a restroom may affect Plaintiff's RFC, the Magistrate Judge found that the ALJ failed to provide the Court with a sufficient explanation for the Court to conduct a meaningful review. Accordingly, the Magistrate Judge recommended that the matter be remanded for the ALJ to consider all of Plaintiff's briefed allegations of error and to support findings with citations to substantial evidence and to offer a logical explanation of how the evidence supports the ultimate conclusions.

In his objections, the Commissioner asserts that the ALJ's decision readily clears the articulation requirements for this Court to conduct a meaningful review, and the Commissioner urges the Court to decline to adopt the Report. According to the Commissioner, the ALJ gave Plaintiff the benefit of the doubt by including ready access to a bathroom in the RFC, and the Commissioner asserts that this case is distinguishable from *Dowling*. 986 F.3d 377. The Commissioner states: "The R&R incorrectly interpreted the ALJ giving Plaintiff the benefit of the doubt by including proximity to a restroom as creating an issue that required additional resolution and explanation in the decision." (ECF No. 31 at 3.) According to the Commissioner, no additional explanation was required, and the Commissioner takes issue with the Report's reliance on *Malone v. Kijakazi*, 4:22-cv-4189-TER, 2023 WL 6157347 (D.S.C. Sept. 21, 2023), asserting that the record in this case showed that Plaintiff's urgent need to use the bathroom had resolved. In other words, the Commissioner asserts that this Court should conclude that the ALJ's rationale can be discerned from the decision and that no evidence supports a need for greater limitations

than those accounted for in the RFC.

After *de novo* review, the Court is not persuaded by the Commissioner's objections, and the Court agrees with the Magistrate Judge's analysis. As the Magistrate Judge noted, although the ALJ acknowledged that Plaintiff needed "ready access to a restroom within approximately 50 yards from the work station," the ALJ provided no explanation as to how the frequency with which Plaintiff needed such *ready* access would affect Plaintiff's RFC, even thought the ALJ also noted that one of Plaintiff's complaints was "*frequent* trips to the bathroom." (*See* ECF No. 15-2 at 17 (emphasis added).) In *Dowling*, the Fourth Circuit explained: "Obviously, the need to visit the bathroom many times throughout the day impacts one's ability to work. And yet, the ALJ did not analyze Appellant's need for regular bathroom breaks." 986 F.3d at 389 ("On remand, the ALJ should evaluate the frequency at which Appellant needed to use the bathroom and analyze how that restriction impacted her ability to work."). Ultimately, the Court agrees with the Magistrate Judge that, under the specific facts of this case, it was incumbent upon the ALJ to consider and explain the potential effect on Plaintiff's RFC related to the frequency with which Plaintiff required "ready access" to the restroom. *Dowling*, 986 F.3d at 389. Thus, for the reasons articulated by the Magistrate Judge, the Court also finds that remand is warranted for further proceedings.

## **CONCLUSION**

Based on the foregoing, it is ordered that the Magistrate Judge's Report (ECF No. 30) is adopted and specifically incorporated herein; the Commissioner's objections (ECF No. 31) are overruled; and the Commissioner's final decision is reversed and remanded

pursuant to 42 U.S.C. § 405(g) for further administrative proceedings.[2]

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 6, 2024
Charleston, South Carolina

---

[2] As the Magistrate Judge explained, on remand, the ALJ should take into consideration all of Plaintiff's briefed allegations of error and support the findings with citation to substantial evidence and a logical explanation of how the evidence supports the ALJ's conclusions.